UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
TIMOTHY ALAN DOMENICO
    Debtor.
                                                                                    No. 7-06-12430 SL

TIMOTHY ALAN DOMENICO,
    Plaintiff,
v.                                                                          Adv. No. 07-1147 S

ALEXIS NELL HOOSER and
TRAVIS HOOSER,
    Defendants.

## MEMORANDUM OPINION ON ABSTENTION

This matter is before the Court on Defendant's Motion to Dismiss which also seeks abstention (doc 4) and Plaintiff's objection thereto (doc 6). Defendants appear through their attorney Michael Daniels. Until recently, Plaintiff was self-represented. He is now represented by William F. Davis & Assoc., P.C. (Charles Hughson).

This adversary proceeding was filed by the Debtor when he was self-represented. He alleges that Defendants intentionally and willfully violated the automatic stay by evicting him from his home post-petition and retaining his belongings. He seeks damages for the willful violation of the automatic stay, payments for his financial losses, payments for his minor son's personal property losses, compensation for loss of items of a personal nature such as pictures and videos, and compensation for all travel and other expenses involved in his prosecution of the adversary proceeding.

For the purpose of this Memorandum Opinion, the Court takes as true all relevant non-conclusory allegations in Plaintiff's Complaint[1], and takes the exhibits attached to the Complaint as true and correct copies of the original documents. The Court also takes judicial notice of the docket in this adversary proceeding and the accompanying main bankruptcy case. Finally, the Court reviewed the Debtor's statements and schedules and amendments thereto in the main bankruptcy case.[2]

**FACTS**

Creditors Travis Hooser and Nell "Sue" Hooser ("Defendants") have a lawsuit pending against Debtor in the 12th Judicial District Court, Otero County, New Mexico, captioned with case number CV-06-54. From Debtor's Statement of Financial Affairs and Schedules B and D, it appears that the lawsuit involved a real estate contract for the purchase of a mobile home and real estate. As part of a settlement, Defendant had agreed to vacate the property by December 30, 2006. Sometime in December Debtor suffered an accident and was otherwise unable to move out by

---

[1] Plaintiff also filed an amended complaint (doc 33), after Defendants' answer, without court approval. Until or unless Plaintiff obtains permission to amend the complaint the Court will not consider the amended complaint. Fed.R.Bankr.P. 7015(a)(2).

[2] To be clear, the Court does not take as true (or untrue) the content of the statements and schedules and amendments thereto, but only considers them for what they are, i.e., Plaintiff's declaration about his assets, liabilities, etc.

Case 07-01147-s    Doc 48    Filed 09/12/08    Entered 09/12/08 15:58:58 Page 2 of 7

December 30, 2006.  Thinking that a bankruptcy stay would prevent his eviction from the property, he had his bankruptcy attorney file a Chapter 7 petition on December 27, 2006.  On January 4, 2007, Otero County Sheriff's Deputies appeared at Debtor's residence and evicted him and did not allow him to take any property with him.  Despite demand, the Defendants then refused to release the property.  Debtor filed a pleading in the Otero County civil case seeking an order that would require Defendants to retain Debtor's personal property until either the Otero County Court or another court could rule on the disposition of Debtor's property.  (Exhibit D-1 to the adversary proceeding.)

Debtor claimed all property exempt in his amended Schedule C (doc 32).  Trustee objected (doc 33).  In a Stipulated Order Regarding Trustee's Objection to Amended Exemptions, all property was allowed as exempt except the bulk of a personal injury claim. (Doc 36).  The first meeting of creditors was concluded on June 15, 2007.  No other creditors or parties in interest objected to Debtor's amended exemptions.  Debtor received his discharge on June 25, 2007.  Therefore, the only asset remaining in the bankruptcy estate is the Trustee's portion of the personal injury claim.  Debtor filed this adversary proceeding on October 15, 2007.

**DISCUSSION**

Case 07-01147-s    Doc 48    Filed 09/12/08    Entered 09/12/08 15:58:58 Page 3 of 7

This adversary proceeding is one to recover compensatory and punitive damages for violation of the automatic stay. The relevant statute is 11 U.S.C. § 362(k)(1)[3], which provides in part: "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages." A proceeding to prosecute a violation of the automatic stay is a "core" proceeding within the meaning of 28 U.S.C. § 157(b). <u>Budget Service Co. v. Better Homes of Virginia, Inc. (In re Better Homes of Virginia, Inc.)</u>, 804 F.2d 289, 292 (4th Cir. 1986). See also <u>MBNA America Bank, N.A. v. Hill (In re Hill)</u>, 436 F.3d 104, 108-09 (2nd Cir. 2006):

> In this case, Hill's claim under § 362(h) of the Bankruptcy Code is properly characterized as a "core" bankruptcy proceeding. Claims that clearly invoke substantive rights created by federal bankruptcy law necessarily arise under Title 11 and are deemed core proceedings. <u>Banque Nationale de Paris v. Murad ( In re Housecraft Indus. USA, Inc.)</u>, 310 F.3d 64, 70 (2d Cir. 2002). So too are proceedings that, by their nature, could arise only in the context of a bankruptcy case. <u>Wood v. Wood (In re Wood)</u>, 825 F.2d 90, 96-97 (5th Cir. 1987). Actions brought under 11 U.S.C. § 362(h) are therefore core proceedings because they derive directly from the Bankruptcy Code and can be brought only in the context of a bankruptcy case.

---

[3]The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 recodified Section 362(h) as Section 362(k)(1).

Page -4-

Defendant's Motion to Dismiss also[4] asks the Court to abstain from this adversary proceeding. There are two types of abstention, mandatory and permissive. Both are codified at 28 U.S.C. § 1334© which provides:

> (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Section 1334(c)(2) discusses mandatory abstention, where the Court must abstain if the matter is a non-core proceeding. Because this adversary is a core proceeding, mandatory abstention does not apply.

Section 1334(c)(1) allows for permissive abstention from both core and non-core proceedings when abstention serves the

---

[4] The Motion to Dismiss also seeks dismissal under Fed.R.Civ.P. 12(b)(6) because 11 U.S.C. § 362(b)(22) excepts Defendants' actions from the stay. The Court orally denied this part of the Motion to Dismiss at the initial pretrial conference, citing Ward v. Edwards, 2007 WL 3046133 (N.D. Ill. 2007) and In re Baird, 2006 WL 3922527 (Bankr. E.D. Tenn. 2006). The automatic stay was not implicated in Debtor's eviction, but was implicated in Defendants' retention of Debtor's property.

Case 07-01147-s    Doc 48    Filed 09/12/08    Entered 09/12/08 15:58:58 Page 5 of 7

interest of justice, judicial economy, or respect for state law. However, as a general rule federal courts rarely should abstain from exercising the jurisdiction given them.

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976)(quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959)).

The Court finds that this case does not call for permissive abstention. It is based entirely on bankruptcy law and is a core proceeding. No state law issues are involved. The Bankruptcy Court can try the matter as easily as the state court, and, indeed, has the case set for trial in the near future.

The Court will enter an Order denying the Motion to Dismiss.

/s/ James S. Starzynski
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: September 12, 2008

Page -6-

Case 07-01147-s    Doc 48    Filed 09/12/08    Entered 09/12/08 15:58:58 Page 6 of 7

Copies to:

William F. Davis
6709 Academy NE, Suite A
Albuquerque, NM 87109

Michael K Daniels
PO Box 1640
Albuquerque, NM 87103-1640