UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
TIMOTHY ALAN DOMENICO
    Debtor.                                 No. 7-06-12430 SL

TIMOTHY ALAN DOMENICO,
    Plaintiff,
v.                                                Adv. No. 07-1147 S

ALEXIS NELL HOOSER and
TRAVIS HOOSER,
    Defendants.

## MEMORANDUM OPINION AFTER TRIAL

This matter came before the Court for trial on the merits of Plaintiff's complaint against Defendants for an alleged willful violation of the automatic stay. Although Plaintiff was represented by an attorney in his bankruptcy, he filed this adversary proceeding pro se. He later hired William Davis to represent him in the adversary, which Mr. Davis did until withdrawing shortly after trial. Defendants have always been represented by Michael Daniels. This is a core proceeding.

The Court has reviewed the testimony (both direct and cross) of the Plaintiff, considered the Plaintiff's exhibits entered into evidence, taken judicial notice of the files in the Bankruptcy Court and consulted applicable authorities. For the reasons set forth below, the Court finds that it should grant Defendants' oral Motion for Judgment on Partial Findings pursuant to Fed.R.Civ.P. 52(c)[1] made at the conclusion of Plaintiff's

---

[1]That rule provides:
                                                        (continued...)

case. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a).

**FACTS**

1. On August 31, 2005, Plaintiff filed a Chapter 13 bankruptcy in the District of New Mexico, case 13-05-17053. The case was dismissed on January 3, 2006.

2. On November 30, 2006 a state court hearing resulted in a stipulated order divesting Plaintiff of all interest in certain real property and ordering that he vacate the premises by midnight on December 31, 2006. During the month of December Plaintiff attempted to find, but was unable to find, anyone that could move several mobile homes and a large quantity of personal possessions from the property. Also in December, Plaintiff was involved in a bicycle accident when he was struck by a car and suffered serious injuries. Plaintiff believed that a bankruptcy automatic stay would stop an eviction. Therefore, Plaintiff filed a Chapter 7 bankruptcy on December 27, 2006. At trial he testified that he filed on this date specifically to stop the eviction.

---

$^1$(...continued)
**Judgment on Partial Findings.** If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence.

3. On January 4, 2007, Plaintiff was forcefully evicted from his mobile home by four or five Otero County Sheriff's Deputies pursuant to an order by the 12th Judicial District Court. One of the Deputies took Plaintiff's only key to the mobile home and told him that if he returned he would be arrested.

4. Plaintiff then attempted to visit the state court judge[2] assigned to the state case in order to undo the eviction because of his bankruptcy filing, but a Sheriff's Deputy refused him access.

5. Plaintiff was then homeless and did not have enough money for a hotel room, so he sold two vehicles stored at a different location, bought a bus ticket, and left for Denver, Colorado[3].

6. On January 22, 2007, Plaintiff filed a Motion in the state court case seeking an order directing the Defendants to retain his personal property. There is no evidence whether this motion was ever acted upon. His bankruptcy attorney told him that the state court judge would probably not consider it because he was in bankruptcy.

---

[2] Apparently, ex-parte.

[3] At trial, Plaintiff testified that initially he lived with his mother in Denver. Some time later, however, his mother had his brother send him a notice under Colorado law giving him three days to vacate those premises. He then testified that he spent time at a homeless shelter.

Page -3-

7.   No motion was filed in the second bankruptcy case within 30 days of the petition requesting a continuation of the automatic stay.

8.   On January 29, 2007, Plaintiff wrote a letter to Defendants suggesting they were in violation of the automatic stay and concluding with "This communication is a legal demand to retain my property until the Bankruptcy Court hears arguments, makes determinations and orders the disposition of same."

9.   On February 26, 2007, Miguel Garcia, attorney for Defendants, responded to Plaintiff's bankruptcy counsel that in his opinion there was no automatic stay under 11 U.S.C. §362(b)(22) because there was a pre-petition state court order 1) terminating all Plaintiff's interest in the property and 2) directing Plaintiff to vacate the premises.

10.  Debtor received a discharge on June 25, 2007.

11.  On July 5, 2007, the Trustee filed a Notice of Abandonment of five mobile homes and two vehicles.

12.  On October 15, 2007, Plaintiff filed this adversary complaint.  He seeks damages for the claimed loss of valuable personal possessions belonging to both him and his son[4].  He also seeks punitive damages for Ms. Hooser's willful stay violations.

---

[4]In an earlier order, the Court ruled that Plaintiff had no standing to pursue stay violations on behalf of his son, who was not protected by the automatic stay, and over which this Court had no jurisdiction.  Doc 17.

Page -4-

Case 07-01147-s    Doc 68    Filed 04/14/10    Entered 04/14/10 09:16:39 Page 4 of 15

The complaint contains several allegations based on hearsay statements of Plaintiff's son and his son's mother. Neither were called to testify. Therefore, these statements remain hearsay and the allegations were not proved. In fact, the Court's impression is that this entire case is based on hearsay. Plaintiff witnessed the eviction as a participant. Thereafter he left for Colorado and it appears that the entire adversary proceeding was built on what he heard from third parties. Neither the pleadings or the trial testimony indicate that he ever returned to Alomogordo, New Mexico or dealt with the defendants directly.

13. In Defendant's Second Motion to Dismiss, doc 12, they attach a Transcript of Proceedings from the November 30, 2006 hearing in the state court case. On page 2, Plaintiff states "Actually, Your honor, I'm within days of filing [bankruptcy] and my bankruptcy attorney convinced me not to do a Chapter 13, to do a Chapter 7 and abandon the property." On page 5, Plaintiff states

> [O]ver a week ago, I offered to surrender the site-built home, there's two site-built homes, some trailers and trailer spots — a trailer spot. And I offered to surrender the keys to the homes -- ... over a week ago. Um, by the end of today, the last item I have in one house will be removed. So I'd say by the end of business today, I'll give them the keys to the houses. And then they'll have free access to the property.

14. In their answer, Defendants assert various affirmative defenses, including waiver, laches and estoppel; proximate cause; intervening third party (Otero County Deputies); and unclean hands.

Page -5-

15. On March 17, 2009, Defendants filed a Notice of Delivery of Personal Property, in which they state that they have returned all items of personal property in their possession. Plaintiff acknowledged this return by his filing a "Plaintiff/Debtor's Advisement to the Court of Value of Property Returned by Defendant" on April 16, 2009, in which he places a value on the items returned and suggests that the Court deduct $300 when determining the dollar amount due Plaintiff from Defendants for lost property.

15. Plaintiff offered no evidence that Travis Hooser had any involvement in anything related to this case.

16. Plaintiff offered no evidence that anything happened to his property between the filing of the petition and January 26, 2007.

17. To the date of trial, Plaintiff could not identify what specific items of his property had been removed or dissipated. Instead, all he presented into evidence was 7 pages of property that he could remember he owned before the eviction[5]. There were no receipts or independent verifications that any of this property was ever actually owned by Plaintiff. Plaintiff provided no third party valuations of anything he claimed to have owned. Despite an admonition by the state court judge to videotape the property, see Doc 12-2, p. 6, there was no

---

[5]And, the Court notes that over the course of this proceeding the claimed assets increased in both number and value.

suggestion that this was done. Nothing was presented at trial that suggested Plaintiff was qualified to place a reasonable value on any property. Furthermore, as of the date of trial Plaintiff had not even actually returned to the property to determine what in fact was still there.

18. Plaintiff offered no evidence that Ms. Hooser actually interfered with his property. Rather, Plaintiff is proceeding on a theory that either because he 1) filed a motion in the state court to direct the Hoosers to retain his property, or 2) he filed bankruptcy, that Ms. Hooser had a strict liability to preserve his assets, intact and indefinitely.

19. Plaintiff offered no evidence that the Hoosers agreed to preserve or protect his property.

20. Plaintiff offered no evidence that the Hoosers were contractually bound to preserve or protect his property.

21. Plaintiff offered no evidence that the Hoosers had a duty to preserve or protect his property.

22. Plaintiff offered no evidence that Ms. Hooser ever called the state court judge.

23. Plaintiff offered no evidence that Ms. Hooser was acting in concert with the Sheriff's Deputies or that she had any control over their actions.

24. Plaintiff offered no evidence that any of his property was under the control of the Otero County Sheriff's Department or the Alamogordo Police Department.

25. Plaintiff has not proved damages with any certainty.

26. The Court finds that Plaintiff never had the money to retrieve his personal property and, even if he did, he had no place to store it.  The Court also finds that, as a result of the bicycle accident, Plaintiff was not in the physical shape to move the property himself.  In fact, the Court finds that Plaintiff wanted Defendants to store his property, as evidenced by the state court motion and the January 29, 2007 letter demanding that Defendants retain his property.

**CONCLUSIONS OF LAW**

At the start of trial, Defendants' attorney stated that there was some confusion about what was to be tried.  The February 20, 2008 Order Resulting from First Final Pretrial Conference, doc 17, states "the claim for relief for violation of the automatic stay is dismissed based on §362(b)(22)."  It also ordered "that Defendants are subject to any §542 liability they may have for property in the possession of the Otero County Sheriff's Department or the Alamogordo Police Department which either of those two departments is holding for Defendants; this does not apply to any property which either of those two departments obtained or created for their own law enforcement

purposes." On September 12, 2008, the Court entered an Order Denying Second Motion to Dismiss Adversary Proceeding. Among other things, it states "the complaint facially states a cause of action for violation of the automatic stay. See, e.g., United People's Federal Credit Union v. Yates (In re Yates), 332 B.R. 1, 4 (10th Cir. B.A.P. 2005)(retention of property after bankruptcy is an "exercise of control" in violation of the automatic stay).

To clarify, the February 20, 2008 Order dismissed all claims relating to the eviction[6] of the Plaintiff only. It did not dismiss any claims (whether under § 542 or 362) relating to Plaintiff's property that was left behind. The Yates case cited in the Order describes the interplay of § 542 and § 362: "By requiring a creditor to turn over property of the estate upon the filing of a bankruptcy petition, § 542(a) prevents the continued exercise of control over property of estate-a violation of the automatic stay. Thus, § 542(a) works to avoid what § 362(a) forbids-the retention of property of the estate after filing." 332 B.R. at 4. Therefore, what was left for trial were all claims, either relating to turnover or automatic stay violations with respect to Plaintiff's property.

At the close of Plaintiff's case, Defendants moved for Judgment under Rule 52(c) on two grounds. First, they argue that Plaintiff lacks standing under § 542 to assert any claim at all,

---

[6]See 11 U.S.C. § 362(b)(22).

Page -9-

but even if Plaintiff had standing he failed to show his right to relief. Second, they argue that the evidence shows that Plaintiff had abandoned the property and is guilty of laches. The Court took the motion under advisement.

The standards for a Rule 52(c) dismissal are set out concisely in <u>Oklahoma v. Tyson Foods, Inc.</u>, 2010 WL 653032 at * 2 (N.D. Okla. 2010):

> Rule 52(c) authorizes a court to enter judgment on an issue during a nonjury trial if a party has been fully heard and the court finds against the party on that issue. Rule 52(c) "authorizes the court to enter judgment at any time that it can appropriately make a dispositive finding of fact on the evidence." Fed.R.Civ.P. 52 Advisory Committee Notes to 1991 Amendment; Charles A. Wright & Arthur Miller, 9 Fed. Prac. & Proc. Civ. §§ 2371, 2573.1 (3d ed. 2008). In granting a motion under Rule 52(c), the court is not limited in its evaluation of the nonmovant's case as it would be on a motion for judgment as a matter of law. 9C Fed. Prac. & Proc. Civ. § 2573.1; <u>Rego v. ARC Water Treatment Co. of Penn.</u>, 181 F.3d 396, 400 (3d Cir. 1999). Rather, under Rule 52(c), the trial court may weigh the evidence, resolve disputed issues of fact, "and decide for itself in which party's favor the preponderance of the evidence lies." 9C Fed. Prac. & Proc. Civ. § 2573.1; <u>see also</u> <u>Roth v. American Hosp. Supply Corp.</u>, 965 F.2d 862, 865 & n. 2 (10th Cir. 1992) (applying the former Rule 41(b), the precursor to Rule 52(c)); <u>Feldman v. Pioneer Petroleum, Inc.</u>, 813 F.2d 296, 299 & n. 4 (10th Cir.1987); <u>Woods v. North Am. Rockwell Corp.</u> 480 F.2d 644, 645-46 (10th Cir. 1973); <u>Johnson v. Olathe Dist. Schools Unified School Dist.</u>, 316 F.Supp.2d 960, 962 (D. Kan. 2003). In so doing, the court is not required to consider the evidence in the light most favorable to the plaintiff, but may weigh the evidence to determine whether or not the plaintiff has demonstrated a factual and legal right to relief. See <u>Blankenship v. Herzfeld</u>, 661 F.2d 840, 845 (10th Cir. 1981); <u>Tatum v. United States</u>, 2007 WL 756695, at * 1 n. 1 (E.D. Okla. Mar.6, 2007).

Debtor's complaint seeks relief for the post-petition loss of his personal property. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. Applying this standard, the Court finds that the complaint states a claim.

Section 542(a) provides in part:

> [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

"A turnover action is not an action to recover damages for the taking of estate property but an action to recover possession of property belonging to the estate at the time of the filing. It invokes the court's most basic equitable powers to gather and manage property of the estate." Braunstein v. McCabe, 571 F.3d 108, 122 (1st Cir. 2009). However, a refusal to turn over property is a violation of the automatic stay. Yates, 332 B.R.

at 4.  See also In re Jackson, 251 B.R. 597, 601 (Bankr. D. Utah 2000)(Section 542 provides the right to the return of estate property, while § 362(h) [now codified as 362(k)] provides the remedy for the failure to do so.); Mountaineer Coal Co., Inc. v. Liberty Mutual Ins. Co. (In re Mountaineer Coal Co, Inc.), 247 B.R. 633, 642 (Bankr. W.D. Va. 2000)("Collier on Bankruptcy asserts that a violation of § 542 should be deemed a violation of the automatic stay under § 363(a)(3) as being an exercise of control over property of the estate."); Abrams v. Southwest Leasing and Rental Inc. (In re Abrams), 127 B.R. 239, 242-43 (9th Cir. BAP 1991)(Section 542 provides the right to the return of estate property, while § 362(h) [now codified as 362(k)] provides the remedy for the failure to do so.  And, noting that support for this right/remedy concept is also found in the fact that the Code expresses no remedy for a violation of § 542.)  Therefore, to the extent Plaintiff seeks damages, the relief must be under 362(k).  Section 362(k)(1) states, in part: "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

  Changes to the Bankruptcy Code in 2005 have limited the protections of the automatic stay to some extent.  For example, section 362(c)(3) states:

> [I]f a single or joint case is filed by or against
> debtor who is an individual in a case under chapter 7,
> 11, or 13, and if a single or joint case of the debtor
> was pending within the preceding 1-year period but was
> dismissed, other than a case refiled under a chapter
> other than chapter 7 after dismissal under section
> 707(b)--
> (A) the stay under subsection (a) with respect to any
> action taken with respect to a debt or property
> securing such debt or with respect to any lease shall
> terminate with respect to the debtor on the 30th day
> after the filing of the later case;
> (B) on the motion of a party in interest for
> continuation of the automatic stay and upon notice and
> a hearing, the court may extend the stay in particular
> cases as to any or all creditors (subject to such
> conditions or limitations as the court may then impose)
> after notice and a hearing completed before the
> expiration of the 30-day period only if the party in
> interest demonstrates that the filing of the later case
> is in good faith as to the creditors to be stayed[.]

This subsection applies to the Plaintiff in this case. His prior Chapter 13 bankruptcy was dismissed on January 3, 2006. He filed this case on December 27, 2006, which is within one year of January 3, 2006. He did not file a motion to continue the stay under section 362(c)(3)(B). "Section 362(c)(3)(A) is self-executing and serves to terminate the stay 'on the 30th day after the filing of the later case.'" In re Tubman, 364 B.R. 574, 579 (Bankr. D. Md. 2007)(quoting 11 U.S.C. § 362(c)(3)(A).) Therefore, the automatic stay expired in Plaintiff's bankruptcy case on January 26, 2007.

    A movant has the burden of proof with regard to showing that there was a violation of the automatic stay, that the violation was willful, that the willful violation caused the movants to

Page -13-

Case 07-01147-s    Doc 68    Filed 04/14/10    Entered 04/14/10 09:16:39 Page 13 of 15

suffer harm and incur damages, and then to show what relief is appropriate. In re Dunn, 202 B.R. 530, 531 (Bankr. D. N.H. 1996).

Plaintiff did not establish that Defendant took actions in violation of the automatic stay before January 27, 2007. In fact, Plaintiff did not establish that any actions took place before January 27, 2007. He therefore failed in his burden of proof to show that there was a violation of the automatic stay. His complaint should be dismissed.

A debtor seeking damages for a willful violation of the automatic has the burden of proving actual damages with reasonable certainty. In re Gagliardi, 290 B.R. 808, 819 (Bankr. D. Colo. 2003)(citing Doe v. United States, 976 F.2d 1071, 1085 (7th Cir. 1992), cert. denied, 510 U.S. 812 (1993) and Matter of Nat'l Marine Sales & Leasing, Inc., 79 B.R. 442 (Bankr. W.D. Mo. 1987). See also In re Sumpter, 171 B.R. 835, 844 (Bankr. N.D. Ill. 1994):

> Actual damages for purposes of section 362(h) [now 362(k)(1)] should only be awarded if there is evidence supporting the award of a definite amount which may not be predicated upon mere speculation. Once a party has proven that he has been damaged, he needs to show the amount of damages with reasonable certainty. ... [A] damage award cannot be based on mere speculation, guess or conjecture.

(footnote omitted)(also citing Doe, 976 F.2d at 1085, In re Alberto, 119 B.R. 985, 995 (Bankr. N.D. Ill. 1990), and Adams

Page -14-

Apple Dist. Co. v. Papeleras Reunidas, S.A., 773 F.2d 925, 930 (7th Cir. 1985).)

Plaintiff did not establish his damages with any reasonable certainty. Furthermore, the proof at trial did not suggest that his damages were caused by the Defendants; rather, they were caused either by Plaintiff's inability to move the personal property, or by the threats made by the Sheriff's Deputies that caused him to not return to the property. The complaint should therefore be dismissed.

Because the Court finds that Plaintiff has failed to prove his case on the merits, the Court need not address Defendants' other defenses. The Court will enter an Order granting Defendants' oral Motion to Dismiss made at the end of Plaintiff's case.

> Honorable James S. Starzynski
> United States Bankruptcy Judge

Date Entered on Docket: April 14, 2010

Copies to:

Timothy Alan Domenico
PO Box 87
Englewood, CO 80151

Michael K Daniels
PO Box 1640
Albuquerque, NM 87103-1640